[No. 11460.   Department One. — November 27, 1888.]

JAMES M. REEVES, RESPONDENT, *v.* MARCUS D. HYDE ET AL., APPELLANTS.

SCHOOL LANDS — AGRICULTURAL LAND — FRUIT LANDS. — Lands suitable for the cultivation of the ordinary fruit crops grown in this state are agricultural lands, within the meaning of section 3495 of the Political Code.

APPEAL from a judgment of the Superior Court of Lake County, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. W. Britt,* and *C. E. Wilson,* for Appellants.

*R. W. Crump,* for Respondent.

FOOTE, C. — This action was to determine a contest as to which of the parties to it had the better right to purchase a tract of 320 acres of school land from the state. The cause was tried before the court without a jury, and

judgment was rendered in favor of the plaintiff, from which, and an order denying a new trial, the defendants appeal.

The only point in dispute in the court below was as to whether or not the land was suitable for cultivation.

The court found "that the land in controversy is now, and was at the time of the filing of the application of the defendant Hyde to purchase said land, and ever since has been, suitable for cultivation, and at least one half of every subdivision thereof is now, and was at the time of the filing of said application to purchase said land, and ever since has been, suitable for cultivation."

The defendants contend that the evidence conclusively shows that no kind of crops could be raised upon the land except fruits, and that they are not such "ordinary agricultural crops" as are meant in section 3495 of the Political Code, which prescribes the tests for agricultural lands, which may be entered as such. They further claim that there is no evidence demonstrating the fact that one half of each legal subdivision of the land was suitable for the cultivation of any ordinary agricultural crop.

Upon these points, there is an undoubted conflict, yet there is some evidence of a persuasive kind going to show that the land in at least the proportion of one half of each legal subdivision thereof is suitable for the cultivation of the ordinary fruit crops grown in this state, and we cannot say that the court below, before whom the witnesses appeared in person and testified, had no basis for its finding.

The language of section 3495 of the Political Code, which describes what character the land shall possess in order to make it agricultural, should be taken in its broadest sense, and be held to include crops of fruit in the term "ordinary agricultural crops," especially in view of the circumstance that a very large portion of the husbandmen of this state are engaged in tilling por-

tions of the soil in which are grown various descriptions of fruit,—a fact well known to the people and their legislative representatives who enacted the law. It will not do to say that in California apples, prunes, and grapes are not ordinary agricultural crops.

We advise, therefore, that the judgment and order be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.